### BLEDSOE vs. THE STATE.

The 27th section of the act concerning groceries and dram-shops, as printed in the Revised Code of 1845, held to be the correct exposition of that act—and to authorize the sale of spirituous liquors in quantities not less than one quart, at the distance of one mile from a town or village, and not to be drank at the place of sale.

### ERROR to Buchanan Circuit Court.

GARDENHIRE, *for Plaintiff, insists:*

1st. The Court gave erroneous instructions to the jury.   R. S. 545, §27.
2d. The verdict of the jury is contrary to the evidence.

ATTORNEY GENERAL *for the State.*

McBRIDE, J., *delivered the opinion of the Court.*

At the March term, 1846, of the Circuit Court of Buchanan county, the defendant Bledsoe was indicted for selling intoxicating liquor without license, and at the September term following was tried and convicted.

The evidence adduced upon the trial, as preserved in the bill of exceptions, shows that Ambrose Agee, a witness for the State, in the fall of 1846, went to the field of Bledsoe, where he was at work, and asked him for whiskey—Bledsoe told him to go to his (Bledsoe's) house, and his wife would let him have it.  He went accordingly, and the wife of Bledsoe let him have a quart of whiskey, for which he paid her ten cents. That the whiskey was purchased by witness of Bledsoe's wife, at the distance of four or five miles from any town or village, and was not drank at the place of sale.

Thereupon the Court instructed the jury, "that if, after the 25th June, 1845, and before the 26th March, 1846, the wife of the defendant sold a quart of whiskey to the witness Agee, by the consent and direction of the defendant, they will convict upon the first count in the indictment; or, if they believe that less than a quart was so sold by such consent and direction after the first Monday in June, 1845, and before the 26th March, 1846, they will convict on the second count in the indictment; but, if the whiskey was not so sold by the consent and direction of the defendant,

or if not sold within the periods aforesaid, they will acquit. If they convict, the fine is not less than $20, nor more than $100."

The defendant excepted to the instruction given, and after verdict moved for a new trial, because the Court erred in giving this instruction to the jury, and that the finding of the jury was against evidence, &c., which being overruled, he has brought the case here by writ of error, and assigns for error—*first*, the Court gave erroneous instructions to the jury—*second*, the verdict of the jury is contrary to the evidence.

The first point raised involves an interpretation of the law regulating dram shops and groceries. R. C. 1845, p. 545, §26, 27. This statute is a revision of the statute of 1835, and the subsequent acts of 1841, p. 84, and 1843, p. 69. By the latter act the exemption was first introduced into our laws as an amendment to the 27th section of the former act. On an examination of the several enactments concerning groceries and dram shops, it is manifest that an error was committed as stated by the commissioner, otherwise it would have been useless for the revisors to have noticed the provision at all. It cannot be supposed that it was purposely appended to the latter end of section 26, in the enrolled bill, for the purpose of making it unmeaning and nugatory. Append the clause to the end of section 27, and we have substantially the same provision on the subject which was in force prior to the revision of 1845, and we are satisfied it should be so read to give effect to the intention of the legislature.

If, then, the penalties of the law were not intended to embrace those who shall sell spirituous liquors in quantities not less than one quart, at the distance of one mile from any town or village, and not to be drank at the place of sale, the Circuit Court committed error in instructing the jury, and its judgment is reversed.